787 So.2d 271 (2001)
In re Johnnie A. JONES, Sr.
No. 2000-B-1939.
Supreme Court of Louisiana.
April 3, 2001.
As Corrected on Denial of Rehearing May 25, 2001.
Robert S. Kennedy, Jr., Shreveport, Charles B. Plattsmier, Baton Rouge, Counsel for Applicant.
John P. Aydell, Jr., Baton Rouge, Sam J. D'Amico, Johnnie A. Jones, Baton Rouge, Counsel for Respondent.

ATTORNEY DISCIPLINARY PROCEEDINGS.
PER CURIAM.
This attorney disciplinary proceeding arises from the filing of formal charges by the Office of Disciplinary Counsel ("ODC") against respondent, Johnnie A. Jones, Sr., *272 an attorney licensed to practice law in the State of Louisiana.

UNDERLYING FACTS

The Davis Matter
On February 6, 1995, Alyssa Davis retained respondent to represent her in a personal injury matter after she discharged her former attorney, L.D. Sledge. Pursuant to the contract between respondent and Ms. Davis, respondent was entitled to receive a maximum 40% contingency fee.
Subsequently, respondent negotiated a settlement on behalf of his client. Respondent withheld his 40% contingency fee from the disbursement. However, he also withheld an additional sum of $1,144.94 from the client's portion of the settlement, representing the negotiated amount in fees due to Mr. Sledge.[1] Respondent never mentioned to his client that he was not entitled to retain the excess amount of attorney's fees.
Ms. Davis filed a complaint with the ODC. After receiving the complaint, respondent adhered to his position that he was entitled to withhold Mr. Sledge's attorney fee from Ms. Davis' portion of the settlement, rather than from his 40% contingency fee, despite controlling law to the contrary.

The Mitchell Matter
In an unrelated matter, Clem Mitchell retained respondent to represent him in a criminal case, as well as related civil service and worker's compensation proceedings. Mr. Mitchell paid respondent $7,000 for the full representation on November, 1996. Respondent performed minimal work on behalf of Mr. Mitchell. Approximately fourteen months later, Mr. Mitchell discharged respondent and requested an accounting and return of the unearned fee. Respondent failed to comply with either request, alleging he earned the entire fee.

DISCIPLINARY PROCEEDINGS

Formal Charges
The ODC filed formal charges in the Davis and Mitchell matters, alleging violations of Rules 1.5 (failure to assess reasonable fee), 1.5(f)(6) (failure to refund unearned fee or place funds in trust when fee dispute arose), 1.15(b) (failure to safe keep client property) and 1.16(d) (failure to protect client interests at termination of representation) of the Rules of Professional Conduct. Although respondent did not file an answer to the charges, he requested that he be given the opportunity to attend the hearing.
A formal hearing was conducted and respondent represented himself in proper person. As to the Davis matter, respondent testified he failed to see what he did wrong. He alleged Ms. Davis never told him about any amounts owed to Mr. Sledge and that he would not have taken the case if he thought Mr. Sledge's monetary interests would have impinged on his contractual entitlement to his legal fee. Because Mr. Sledge's fee was a debt incurred by Ms. Davis, respondent reasoned she should be accountable for the amount.
As to the Mitchell matter, respondent testified he fully earned the $7,000 fee through the course of his representation. However, Mr. Mitchell testified respondent provided very few services, some of which were detrimental to him. He stated he terminated respondent from his case two months after payment of the legal fee *273 because he was unsatisfied with respondent's handling of the matter. Kevin Monahan, Mr. Mitchell's new counsel, and Tracey Ewing, the assistant district attorney assigned the criminal case, testified Mr. Monahan performed the overwhelming majority of the work on Mr. Mitchell's case. Ms. Ewing maintained she had virtually no contact with respondent during his short tenure as representing counsel.
At the conclusion of the hearing, the committee requested that each of the parties file a post-hearing brief. Moreover, it requested that respondent produce his financial records regarding the clients at issue. Respondent failed to comply in any respect.

Hearing Committee Report
As to the Davis matter, the hearing committee found respondent violated Rule 1.15 of the Rules of Professional Conduct by wrongfully disbursing funds belonging to his client. It cited this court's opinion in Saucier v. Hayes Dairy Products, 373 So.2d 102 (La.1978) (on rehearing), for the proposition that in cases where an attorney is discharged and a subsequent attorney is hired, the client should be exposed to no more than one contingency fee.
As to the Mitchell matter, the committee found respondent failed to account for his fee. However, the committee found insufficient evidence of a violation of Rule 1.5(f)(6), relating to a failure to return unearned fees, because it was unclear which part of the fee should be returned.[2]
In determining a sanction, the committee relied on the presence of several aggravating factors, finding a pattern of misconduct, refusal to acknowledge wrongful conduct, indifference to making restitution, indifference to proceedings by failing to file post-hearing brief and requested financial information, flagrant disregard for the disciplinary process and substantial experience in the practice of law. Based on these factors, the hearing committee proposed respondent be suspended from the practice of law for a period of one year and one day. It further ordered respondent to make restitution in the amount of $1,500 to Ms. Davis, as well as submit to arbitration of the fee dispute with Mr. Mitchell.

Disciplinary Board
The disciplinary board concurred in most of the findings of the hearing committee. However, the board concluded the committee erred in failing to find a violation of Rule 1.5(f)(6), because the record indicated respondent did not place any of the disputed funds in his trust account and failed to provide an accounting to his clients. It further recognized respondent refused to provide requested financial information to the ODC. In addition to the aggravating factors cited by the hearing committee, it also considered respondent's prior discipline.[3]
After considering these factors, the board adopted the committee's proposed sanction of a one year and one day suspension. Although it "strongly suggested" respondent submit to fee arbitration in the Mitchell matter, it did not recommend respondent be mandated to do so, as the hearing committee had suggested.
Respondent filed an objection in this court to the disciplinary board's recommendation. *274 Accordingly, the matter was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

DISCUSSION
The record supports the conclusion of the hearing committee that the ODC proved the charged misconduct by clear and convincing evidence. Therefore, the sole issue presented for our consideration is the appropriate sanction for this misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass'n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
After reviewing the record, we believe that respondent's misconduct in the Davis and Mitchell matters results more from a misunderstanding of the applicable disciplinary rules than any dishonest motive. Ignorance of the disciplinary rules does not excuse respondent's misconduct. Louisiana State Bar Ass'n v. Thalheim, 504 So.2d 822, 826 (La.1987). However, the absence of a dishonest or selfish motive may be considered as a mitigating factor. ABA Standards for Imposing Lawyer Discipline, § 9.32(b). We also take notice of the fact that respondent, who is 81 years old, has been admitted to the bar since 1953 and has had only one prior serious disciplinary infraction during his long career. That disciplinary offense, which occurred over twenty years ago, is so remote in time as to not be considered an aggravating factor. ABA Standards for Imposing Lawyer Discipline, § 9.32(m).
Under these circumstances, we conclude the appropriate sanction for respondent's misconduct is a suspension from the practice of law for a period of one year.[4] We further order respondent to submit to fee arbitration in both the Davis and Mitchell matters under the auspices of the Louisiana State Bar Association and refund any improper or unearned fees as determined after arbitration.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that respondent, Johnnie A. Jones, Sr., be suspended from the practice of law for a period of one year. Respondent is further ordered to submit to fee arbitration through the Louisiana State Bar Association for resolution of the Davis and Mitchell matters and refund any improper or unearned fees. All costs and expenses of these proceedings are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest commencing thirty days from the date from the finality of the court's judgment until paid.
*275 LEMMON, J., dissents, agreeing with the recommendation of the Disciplinary Board.
TRAYLOR, J., dissents and agrees with the recommendation of the Disciplinary Board.
VICTORY, J., dissents and agrees with the recommendation of the Disciplinary Board.
NOTES
[1] The record indicates Mr. Sledge's negotiated legal fee was $1,500.00 with $355.06 of the amount representing his litigation costs. However, respondent indicates in his brief that Mr. Sledge's "out-of pocket" expenses are actually $437.84.
[2] Although the committee stated there was insufficient evidence of a violation of Rule 1.15, it is obvious the committee intended to cite Rule 1.5, which relates to a failure to refund unearned fees.
[3] Respondent was suspended from the practice of law for six months stemming from his commingling of clients' funds over a period of several years. Louisiana State Bar Ass'n v. Jones, 372 So.2d 1186 (La.1979). In addition, respondent received a private reprimand in 1978.
[4] As a result, respondent will not be required to file a petition for reinstatement under the provisions of Supreme Court Rule XIX, § 24.